940 F.2d 677
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul CHEATHAM, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 91-3064.
 United States Court of Appeals, Federal Circuit.
 July 16, 1991.
 
 Before MICHEL, PLAGER and RADAR, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Paul Cheatham[1] (Cheatham) appeals the decision of the Merit Systems Protection Board (MSPB) sustaining a thirty day suspension from his position as Supervisory Social Service Representative for the Department of the Army (Army). Cheatham v. Department of the Army, No. DC07529010183, (May 25, 1990) (made final Oct. 12, 1990). We agree with the MSPB and affirm the suspension.
 
 
 2
 Cheatham is charged with making false statements in regard to a Separate Maintenance Allowance (SMA)[2] filed October 7, 1987. To sustain this charge, the Army
 
 
 3
 must prove by a preponderance of the evidence that [Cheatham] knowingly supplied wrong information, and that he did so with the intention of defrauding the [Army].
 
 
 4
 Naekel v. Department of Transportation, 782 F.2d 975, 977 (Fed.Cir.1986).
 
 
 5
 In his October 7 application for a SMA, Cheatham stated that his wife's decision not to accompany him to Vicenza, Italy was based on the
 
 
 6
 adverse impact [such a move would have] on her career and morale as [the opportunities available to her in Italy] are virtually non-existent in her field of endeavor. Additionally, this request for Separate Maintenance Allowance is based upon a personal hardship if not approved....
 
 
 7
 Cheatham at 3. However, the evidence showed that Cheatham no longer lived with his wife, did not routinely send support or mortgage payments to his wife and did not even stay with his wife when visiting the city in which she lived. Special Agent Halverson, who investigated this matter, reported that Cheatham's sister described Mr. and Mrs. Cheatham as "married 'in name only.' " Cheatham at 4.
 
 
 8
 Cheatham argues that there is insufficient evidence to support the findings of the MSPB, i.e., that he supplied false information on the SMA application. He argues that "the statements ... made about the hardship were literally correct" and "that there was not enough evidence to show that Mrs. Cheatham would not have accompanied [Cheatham] to Italy." Petitioner's Brief at 3.
 
 
 9
 The Administrative Judge heard the testimony of Cheatham and found that Cheatham's
 
 
 10
 explanations were simply not plausible, and were, in fact, not true. The evidence fully supports the conclusion that [Cheatham] intentionally provided false information in order to obtain financial benefits to which he was not entitled. Accordingly, I find that the [Army] has supported its charges by a preponderance of the evidence....
 
 
 11
 Cheatham at 7.
 
 
 12
 We agree with the Administrative Judge. There is substantial circumstantial evidence that Cheatham's wife would not have accompanied him to Italy or anywhere else, that Cheatham knew this at the time he submitted his SMA application, and that Cheatham intended to defraud the Army. This court has discussed the difficulties inherent in proving intent and that to this end, "circumstantial evidence must generally be relied upon...." Naekel at 978. The Administrative Judge did not err in so relying.
 
 
 13
 Cheatham has not shown the decision of the MSPB to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, obtained without procedures required by law, rule or regulation having been followed, or unsupported by substantial evidence. Therefore, we affirm the decision of the MSPB. See 5 U.S.C. Sec. 7703(c) (1988).
 
 
 
 [1]
 Mr. Cheatham titled his informal brief "Paul Cheatham, III v. Department of the Army." The Merit Systems Protection Board titled its October 12, 1990 order "Paul Cheatham, Appellant, v. Department of Army, Agency" and titled its May 25, 1990 initial decision "Paul Cheatham, II, Appellant, v. Department of the Army, Agency." The record makes clear that these are all the same person
 
 
 [2]
 A "SMA is intended to assist an employee in maintaining a residence separate from his duty station." Cheatham at 4; see Respondent's Appendix at 35